IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and JEANNE KURTZ, Revenue Officer,<br><br>　　　　Petitioners,<br><br>　　v.<br><br>TODD L. MUENTER,<br><br>　　　　Respondent.　　　　　　　　　／ | No. C-05-2163 MMC<br><br>**ORDER GRANTING PETITION TO ENFORCE IRS SUMMONS; VACATING HEARING**<br><br>(Docket Nos. 1 and 3) |

　　　　On May 27, 2005, the Court issued an order to show cause why respondent Todd L. Muenter ("Muenter") should not be compelled to appear before the Internal Revenue Service ("IRS") to provide documents and testimony as required by the summons served upon him. (See Order to Show Cause, filed May 27, 2005.) The Court ordered Muenter to appear before the Court on August 5, 2005 at 9:00 a.m., and also afforded Muenter the opportunity to file, no later than July 15, 2005, a written response to the petition, supported by appropriate declarations or affidavits, as well as any motion he desired to make. (See id. at 2.) The Court further ordered that "[a]ny allegation in the verified petition that Muenter [did] not contest in a timely-filed response or motion [would] be considered to be admitted" and that "[i]f Muenter fail[ed] to file a timely response or motion, the Court [would] vacate the August 5, 2005 hearing, take the matter under submission, and rule on the matter without oral argument." (See id. at 2.)

To date, Muenter has not filed a response to the order to show cause, or otherwise appeared in this action. As Muenter has not timely contested any of the allegations in the government's petition, there is no need for a hearing, and the August 5, 2005 hearing on this matter is hereby VACATED.

An IRS summons may be issued for the purpose of "ascertaining the correctness of any tax return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability." See 26 U.S.C. § 7602(a). This Court has jurisdiction to compel compliance with an IRS summons. See 26 U.S.C. §§ 7402(b) and 7604(a).

Enforcement of an IRS summons is generally a summary proceeding to which a taxpayer has few defenses. See United States v. Derr, 968 F.2d 943, 945 (9th Cir. 1992). To obtain enforcement of a summons, the IRS must first establish its good faith by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the possession of the IRS; and (4) satisfies all administrative steps required by the United States Code. See Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)). The government's burden is a slight one and typically is satisfied by the introduction of a sworn declaration of the revenue agent who issued the summons that the Powell requirements have been met. See id. at 120. The Court finds the IRS has met its burden.

Once a prima facie case is made, a heavy burden is placed on the taxpayer to show an abuse of process or the lack of institutional good faith. See id. The taxpayer must disprove the actual existence of a valid civil tax determination or collection purpose by the IRS. See United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997) (en banc). The taxpayer must allege specific facts and evidence to support his allegations of bad faith or improper purpose. See id. As Muenter has failed to respond to the order to show cause or to the petition, he has not met his burden.

Accordingly, the petition for enforcement of IRS summons is hereby GRANTED, and

2

1  Muenter is ORDERED to appear before IRS Revenue Officer Jeanne Kurtz at 185 Lennon
2  Lane, Suite 200, Walnut Creek, CA 94598, at such time as is specified by the IRS.  At that
3  time, Muenter shall answer the IRS officer's questions and produce the documents
4  requested in the summons.  Muenter is hereby advised that if he fails to do so, the Court
5  may hold him in contempt of court, pursuant to 26 U.S.C. § 7604(b), and impose such other
6  sanctions as are permitted by law.
7         The Clerk shall close the file.
8         **IT IS SO ORDERED.**
9  Dated: July 26, 2005                                   _____
                                                          MAXINE M. CHESNEY
                                                          United States District Judge